**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

_____KAREN BRESSLER_____, Plaintiff,

v.

_____DIVERSIFIED COLLECTION SERVICES, INC.\_\_\_, Defendant

---

**COMPLAINT**

---

## PARTIES

1. Plaintiff <u>Karen Bressler</u> (hereinafter "Ms. Bressler") is a citizen of the United States of America who presently resides at the following address: <u>6500 South Dayton Street, Apt. F107, Centennial, Colorado 80111</u>.

2. Defendant <u>Diversified Collection Services, Inc.</u> (hereinafter "DCS") is a citizen of the United States of America and is a corporation engaged in the business of collecting debt in this state with its principal place of business located at the following address: <u>333 North Canyons Parkway, Suite 100, Livermore, California 94551</u>.

## JURISDICTION

Jurisdiction is asserted pursuant to the following statutory authorities:

3. DCS is engaged in the collection of debts from consumers using the mail and telephone. DCS regularly attempts to collect consumer debts alleged to be due to another. DCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue in this District is proper in that DCS transacts business in this state, and the conduct complained of occurred here.

Case background:

6. This is an action for actual and statutory damages brought by Ms. Bressler, an individual consumer, against DCS for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

7. Upon information and belief, DCS began placing collection calls to Ms. Bressler in September of 2010.

8. DCS constantly and continuously placed excessive collection calls to Ms. Bressler, including multiple calls placed to Ms. Bressler while she was at work, even though Ms. Bressler specifically told DCS not to call her during office hours.

9. In mid-September 2010, Ms. Bressler also began receiving letters from DCS regarding collection.

10. At the end of September 2010, Ms. Bressler contacted DCS in an attempt to work with DCS to resolve the situation. Ms. Bressler's attempt was ignored, and the calls continued.

11. Ms. Bressler told DCS to stop calling her, yet instead the calls started coming from a different number.

12. During collection calls, DCS asked Ms. Bressler for a copy of her current lease agreement, and other personal documents. Ms. Bressler has repeatedly asked DCS to put in writing the reasoning for such requests, although DCS has not produced such writing.

13. During collection calls, DCS told Ms. Bressler to take out a loan on her 401k in order to make payments on her alleged debt.

14. During collection calls, Ms. Bressler has been told by DCS, "If you don't make a decision on what to do, we'll go for garnishment of your wages."

15. To date, DCS has not taken action to garnish Ms. Bressler's wages, nor has it taken action to notify Ms. Bressler's employer, a third party, about her alleged debt.

16. To date, DCS has not taken Ms. Bressler to court.

17. The systematic campaign of harassment of Ms. Bressler by DCS has humiliated Ms. Bressler, causing her mental pain and anguish, asthma attacks, and emotional disturbance, and has negatively affected her ability to work and live.

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

18. Ms. Bressler incorporates the averments contained in Paragraphs 1 through 17 of her complaint as though fully set forth herein.

19. DCS violated the FDCPA. DCS's violations include, but are not limited to, the following:

    i. DCS violated *§1692d(5)* of the FDCPA by causing Ms. Bressler's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Ms. Bressler;

    ii. DCS violated *§1692e(4)* of the FDCPA by using false, deceptive and/or misleading representations or means in connection with the collection of any debt, such as the representation or implication that nonpayment of the alleged debt will result in the garnishment of the wages of Ms. Bressler without the intention to take said action;

    iii. DCS violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take, such as taking legal action against Ms. Bressler.

20. As a result of the foregoing violations of the FDCPA, DCS is liable to Ms. Bressler for declaratory judgment that DCS's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

21. DCS also violated the Colorado Fair Debt Collection Practices Act (hereinafter "CFDCPA"). DCS's violations include, but are not limited to the following:

    i. DCS violated *§12-14-106(1)(e)* of the CFDCPA by causing Ms. Bressler's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Ms. Bressler;

    ii. DCS violated *§12-14-107(1)(d)* of the CFDCPA by using false, deceptive and/or misleading representations or means in connection with the collection of any debt, such as the representation or implication that nonpayment of the alleged debt will result in the garnishment of the wages of Ms. Bressler without the intention to take said action;

    iii. DCS violated *§12-14-107(1)(e)* of the CFDCPA by threatening to take action that it did not intend to take, such as taking legal action against Ms. Bressler.

22. DCS's acts as described above were done intentionally with the purpose of coercing Ms. Bressler to pay the alleged debt.

23. As a result of the above violations of the CFDCPA, DCS is liable to Ms. Bressler for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Karen Bressler respectfully requests that judgment be entered against Defendant Diversified Collection Services, Inc., for the following:

A. Declaratory judgment that DCS's conduct violated the FDCPA, and declaratory and injunctive relief for DCS's violations of the CFDCPA;
B. Actual damages;
C. Statutory damages pursuant to 15 U.S.C. § 1692k;
D. Statutory damages pursuant to Colo. Rev. Stat. § 12-14-113;
E. Costs and reasonable attorney fees pursuant to 15 U.S.C.
§ 1692k and Colo. Rev. Stat. § 12-14-113;

F. For such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated December 6, 2010.

    Respectfully submitted,

    Consumer Rights Law Firm, PLLC

    By: /s/ Shannon M. Weigel
    Shannon M. Weigel, Of Counsel
    Consumer Rights Law Firm, PLLC
    191 Merrimack Street, Suite 302
    Haverhill, Massachusetts 01830
    Telephone: (603) 685-3323
    Fax: (888) 712-4458
    Email: Shannonweigel@hotmail.com
    Attorney for Plaintiff Karen Bressler